Louie Traylor v. The State.

No. 8454.   Delivered November 19, 1924.

No motion for rehearing filed.

**Transporting Intoxicating Liquor—Evidence—Sufficient.**

There is no complaint of the charge, no bills of exception in the record, and the evidence is found sufficient to sustain the judgment.

Appeal from the District Court of Camp County.   Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transportation of intoxicating liquor; penalty, two years in the penitentiary.

*Everett Bryson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the transportation of intoxicating liquor with punishment assessed at confinement in the penitentiary for two years.

There is no complaint of the charge, and no bills of exception were reserved to any rulings of the court during the trial.   The only question presented for review is the sufficiency of the evidence to support the verdict.

While appellant and another negro by the name of Rivers were in a wagon traveling towards the town of Pittsburg in Camp County they were overtaken by the sheriff.   In appellant's possession he found two small bottles of whisky amounting to about a pint, and in a fruit jar in a bucket in one end of the wagon near Rivers was two-thirds of a quart of whisky.   At the time of their apprehension both appellant and Rivers claimed to have gotten the whisky from two white men who had driven up to the wagon in a car a short distance from where the sheriff stopped them.   Rivers pleaded guilty on account of his admitted connection with the whisky in the fruit jar.   Appel-

lant defended upon the ground that he was carrying the whisky which was found in his pocket to his uncle who had been ill. He testified that he had purchased the whisky on the night before from two negroes who came to his store; that he secured it at the time for the purpose of taking it to his uncle. It was in evidence that his uncle had been sick and the doctor had told him some whisky might be beneficial but had given no prescription for it; that the uncle had sent word to appellant by Bell requesting appellant to see if he could get him some whisky. Bell, the owner of the wagon denied any knowledge that either appellant or Rivers had whisky with them at the time they got in the wagon to go to town.

The court charged that if appellant was conveying the whisky for medicinal purposes or if the jury had a reasonable doubt thereof they should acquit. The facts and circumstances in evidence authorized the jury to find upon this issue in favor of the State. The point at which appellant got into Bell's wagon was between where his uncle lived and Pittsburg, and he was traveling away from his uncle's place towards the town. He explained this circumstance by saying he had requested Bell to wait for him until he took something to his uncle who lived some quarter of a mile away, but that Bell had declined to wait, telling him he could send whatever he had for his uncle by a cousin who lived in the town of Pittsburg.

The evidence raised an issue of fact upon which it was the peculiar province of the jury to pass and we would not feel authorized to disturb their verdict under the facts presented. We call attention to Gandy v. State (opinions delivered November 12th) which has application here because the amount of whisky in appellant's possession was less than a quart. The opinion of the various members of the court will be found in the Gandy case, Presiding Judge Morrow not being in accord with the majority of the court upon the matter there decided, and here involved.

Believing the jury was authorized in finding against appellant's contention that he was transporting the liquor for medicinal purposes, the judgment is affirmed.

*Affirmed.*